**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 07 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JAMIKA JOHNSON
JEROME BRIAN JONES

Criminal Indictment

No. 1:23CR-356

THE GRAND JURY CHARGES THAT:

**Count One**

1. Beginning on a date unknown to the Grand Jury, and continuing until on or about February 10, 2022, in the Northern District of Georgia, the defendants,

JAMIKA JOHNSON
JEROME BRIAN JONES

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, and other persons unknown to the Grand Jury, to violate Title 18, United States Code, Section 1542, that is, to willfully and knowingly make false statements in an application for a passport, with intent to induce and secure the issuance of a passport under the authority of the United States for their own use and use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in violation of Title 18, United States Code, Section 1542.

*Manner and Means*

2. It was a part of the conspiracy that the defendants, JAMIKA JOHNSON and JEROME BRIAN JONES, would prepare and submit a false Passport Renewal Form to the Atlanta Passport Agency in an effort to obtain a passport in defendant JONES's name but with the picture of another person.

*Overt Acts*

3. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Georgia. On or about February 10, 2022:

  a. The defendants, JAMIKA JOHNSON and JEROME BRIAN JONES, entered the United States Department of State – Atlanta Passport Agency, located at 230 Peachtree Street in Atlanta, Georgia.

  b. While inside the Atlanta Passport Agency, defendant JOHNSON filled out defendant JONES's DS-82 Passport Renewal Application and attached a photograph of another person who was not defendant JONES to the application.

  c. While inside the Atlanta Passport Agency, defendant JONES submitted his DS-82 Passport Renewal Application with the photograph of another person. Defendant JONES signed the DS-82 Passport Renewal Application under penalty of perjury attesting, among other things, that the photograph submitted with his application is a genuine, current photograph of himself.

    d. Defendant JOHNSON paid for defendant JONES's DS-82 Passport Renewal Application.

All in violation of Title 18, United States Code, Section 371.

## Count Two

4. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 and 3 as if fully set forth herein.

5. On or about February 10, 2022, in the Northern District of Georgia, the defendants,

JAMIKA JOHNSON
JEROME BRIAN JONES

aided and abetted by each other and others unknown to the Grand Jury, willfully and knowingly made false statements in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States for their own use and the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, which statements they knew to be false, in violation of Title 18, United States Code, Section 1542 and Title 18, United States Code, Section 2.

## Forfeiture

6. Upon conviction of one or more of the offenses alleged in Counts One through Two of this Indictment, the defendants, JAMIKA JOHNSON and JEROME BRIAN JONES, shall forfeit to the United States of America, pursuant

to Title 18, United States Code, Section 982(a)(6), any property, real or personal, constituting, or derived from or traceable to, proceeds obtained directly or indirectly from the commission of said offenses and any property, real or personal, used to facilitate, or intended to be used to facilitate, the commission of said offenses, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are convicted.

If, as a result of any act or omission of the defendants, any property subject to forfeiture:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

**[CONTINUED ON NEXT PAGE]**

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __True__ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

C. BROCK BROCKINGTON
*Assistant United States Attorney*
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303
Office: (404) 581-6000
Fax:     (404) 581-6181
Georgia Bar No. 775084